Annie S. Smith

*vs.*

Booth Brothers &. Hurricane Island Granite Company.

,    Knox.    Opinion April 24, 1916.

*Burden of proving delivery of deeds.    Deeds.    Evidence.*

In an action to recover stumpage for granite taken from a quarry and pasture in which plaintiff claimed an undivided two-fifths ownership, *held:*

1. That the evidence failed to show that there ever was any delivery of deeds to the property to the plaintiff, or anyone in her behalf.
2. As to the testimony offered to support the question of the delivery of deeds relied upon by plaintiff, the jury, in the opinion of the court, manifestly erred.

Action of assumpsit to recover certain sums of money alleged as due plaintiff for her proportional part of stumpage on granite blocks taken and sold by defendant. Plaintiff claimed to own two-fifths in common and undivided. Verdict for plaintiff. Defendant filed motion for new trial and exceptions to rulings of court. Motion sustained. New trial granted. Exceptions not considered.

Case stated in opinion.

*A. S. Littlefield,* for plaintiff.

*Littlefield & Littlefield, and Frank H. Ingraham,* for defendant.

Sitting: Savage, C. J., Cornish, King, Haley, Hanson, Philbrook, JJ.

Philbrook, J. This is an action brought to recover stumpage for granite alleged to have been taken by the defendant from the quarry, and pasture adjoining the quarry, of which the plaintiff claims an undivided two-fifths ownership. The case is before us on motion by the defendant to set aside the verdict obtained by the plaintiff and upon defendant's bill of exceptions.

In 1913 an action was tried before the court below against the same defendant in which the plaintiff was Albert W. Smith, son of this plaintiff and administrator of the estate of James M. Smith, who was the husband of this plaintiff. In that action the plaintiff claimed that the husband's estate was the owner of an undivided fifth of this same quarry privilege. The plaintiff in this case was a witness in that case. In that controversy the defendant claimed that James M. Smith, in his lifetime, by deed dated February 4, 1882, conveyed his interest in the quarry to this plaintiff and hence that his estate owned nothing in the quarry. The plaintiff in that case claimed, this plaintiff testified, and the jury found, that the deed from her husband of February 4, 1882, was never delivered to this plaintiff. This court sustained the finding of the jury.

In order to sustain her title to the undivided two-fifths under which she now claims the plaintiff relies upon a deed of one-fifth from Alvin H. Fogg dated February 3, 1882, and upon a deed of the other fifth from Laurettus E. Fogg, dated February 4, 1882. The former deed was recorded February 7, 1882, and the latter February 9, 1882. These two deeds, as well as the deed from James M. Smith to the plaintiff which was never delivered to this plaintiff, were found by the defendant's attorneys in the files of the Registry of Deeds about thirty-one years after the deeds appear to be executed. The defendant claims that these two last named deeds also were never delivered to this plaintiff, hence the defendant insists that this plaintiff has no ownership in the granite and cannot recover in this action. Much of the testimony which this plaintiff gave in the prior trial, relating to the delivery of deeds to herself, was incorporated into and became a part of the record in this case. In the prior trial she was asked whether she ever saw the deed to her from Laurettus E. Fogg before it was shown to her at that trial and she said she never did. Her testimony was the same as to the deed from Alvin H. Fogg. She was also asked in that trial if she ever received a deed from anybody of an undivided fifth of the granite quarry in controversy and her reply was "No, I never did." On being asked in the other trial whether she ever received two deeds of two undivided fifths of the property her answer was "I never received any deeds." She was also asked

in that trial if she ever claimed to own two undivided fifths of the property and her reply was "I never did." On being asked if she ever made any such claim, her reply was "No sir." In this trial she seeks to evade the force of that testimony by saying that her husband represented her in the quarry business. The conclusion seems irresistible, from a careful study of the testimony, that there was never any delivery of these Fogg deeds to this plaintiff or to any one in her behalf, and that upon this important element in the case the jury must have either misunderstood or misapplied the testimony. In view of this conclusion it becomes unnecessary to consider the exceptions.

*Verdict set aside.*
*Motion for new trial granted.*